# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**ERIN LOMELI,**

      Plaintiff,

v.                                                                    No. CIV 01-443 BB/WWD

**CITY OF ALBUQUERQUE; CITY OF ALBUQUERQUE POLICE OFFICER B. McCUTCHEON, in his individual capacity; CITY OF ALBUQUERQUE POLICE OFFICER J. FEATHER, in his individual capacity; CITY OF ALBUQUERQUE POLICE SERGEANT J. SALAZAR, in his individual capacity,**

      Defendants.

## MEMORANDUM OPINION
## AND
## ORDER GRANTING SEPARATE TRIALS

**THIS MATTER** is before the Court on Defendants' Motion for Separate Trials, and the Court having considered the briefs of counsel and being otherwise apprised, finds such motion should be Granted.

### *Discussion*

Defendants move, pursuant to Federal Rule of Civil Procedure 42(b), to bifurcate the trial on the claims of excessive force against the individual Defendants from the allegations against Defendant City of Albuquerque ("City"). The claims against the City are derivative and thus dependent upon the outcome of the claims against the individuals. 42 U.S.C. § 1983; *Monnell v. Department of Social Servs.*, 436 U.S. 658 (1978); *Thompson v. City of Lawrence*, 58 F.3d 1511, 1517 (10th Cir. 1995).

Bifurcation is appropriate when the litigation of one issue might obviate the need for litigation on another issue. *Amato v. City of Saratoga Springs*, 170 F.3d 311 (2d Cir. 1999). For this reason, courts faced with § 1983 claims against individual police officers frequently bifurcate those claims from the derivative claims against their municipal employers. *See, e.g., Amato, supra; Ismail v. Cohen*, 706 F. Supp. 243 (S.D.N.Y. 1989), *aff'd in part*, 899 F.2d 183 (2d Cir. 1990). *Cf. Marryshow v. Town of Bladensburg*, 139 F.R.D. 318 (D. Md. 1991) (severing excessive force claim against arresting officers from claim against supervisors). Bifurcation may not only avoid a trial of the municipal claims entirely, it is likely to simplify some potentially difficult evidentiary issues. *See Donald v. Rast*, 927 F.2d 379 (8th Cir.), *cert. denied*, 502 U.S. 827 (1991); *Berkovich v. Hicks*, 922 F.2d 1018 (2d Cir. 1991).

## O R D E R

For the above stated reasons, the claims in Counts I and II will be tried first, and then, if necessary, the summary judgment motion on Count III will be addressed.

Dated at Albuquerque this 18th day of September, 2002.

                                                  **BRUCE D. BLACK**
                                                  **United States District Judge**

For Plaintiff:

Carolyn M. Nichols, Shannon L. Oliver, NICHOLS & OLIVER, Albuquerque, NM

For Defendants:

Stephanie M. Griffin, Assistant City Attorney, CITY OF ALBUQUERQUE, Albuquerque, NM