# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**ERIN LOMELI,**

        **Plaintiff,**

**v.**                                              **No. CIV 01-443 BB/WWD**

**CITY OF ALBUQUERQUE; CITY OF ALBUQUERQUE POLICE OFFICER B. McCUTCHEON, in his individual capacity; CITY OF ALBUQUERQUE POLICE OFFICER J. FEATHER, in his individual capacity; CITY OF ALBUQUERQUE POLICE SERGEANT J. SALAZAR, in his individual capacity,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER DENYING *DUNTON* MOTION

**THIS MATTER** is before the Court on Plaintiff's Motion for Order Requiring Defense Counsel to Resolve Potential *Dunton* Conflicts [doc. #29], and having considered the briefs of counsel, entertained oral argument on September 25, 2002, and being otherwise informed, this Court finds the motion will be Denied.

### *Discussion*

Plaintiff argues that "[i]t appears from discovery that potential or actual conflicts of interest exist among or between all defendants." (Pl.'s Memo. Br. p. 1.) While Plaintiff is somewhat vague about the specific nature of the conflict, it apparently arises

because "Assistant City Attorney, Ms. Griffin, has been placed in the precarious position of having one client, the City of Albuquerque, unwilling to settle pursuant to the Mayor's no settlement "manifesto," and having three other clients(individual officers) bound by the same policy regardless of their own individual interests or objectives." (Pl.'s Memo. Br. p. 2.) Plaintiff's counsel suggests the City's intractable position may negatively impact the credit history and employment opportunities of the individual Defendants. *Id.* Plaintiff's attorney initially concludes this conflict may not be waived. *Id.* She then argues counsel should be disqualified or "some other appropriate resolution such as an affidavit from the individual defendants acknowledging the potential conflict and waiving the same." (*Ibid.* at 3.)

Based on these potentially serious conflict allegations, the Court scheduled a hearing on September 25, 2002, and required the individual Defendants attend. Counsel for the City expressly disavowed any intent to adopt a litigation strategy which would put the officers at risk for individual liability. She also reiterated the City was contractually bound to indemnify the officers for any liability incurred in the course of their duties.

The legal authority relied on by Plaintiff, *Dunton v. County of Suffolk*, 729 F.2d 903 (2d Cir.), *modified other gr'ds*, 748 F.2d 69 (2d Cir. 1984), deals with very different facts. In *Dunton*, the same attorney represented the county and a member of the county police department. The key distinction is that the *Dunton* complaint alleged the police

2

officer acted in his individual capacity and sought actual and sought punitive damages from him individually. Defense counsel never moved to assert qualified immunity or advance any defense based on the officer's official status. Indeed, at trial the County's attorney conceded the individual officer "was acting as an irate husband rather than a police officer." 729 F.2d at 906. The jury awarded actual and punitive damages against the individual officer. Even though it recognized the conflict, the trial court refused to grant a new trial on the ground the damages would have been awarded for unjustified battery in any event, so the officer was not prejudiced. The Second Circuit reversed saying:

> A municipality may void liability by showing that the employee was not acting within the scope of his official duties, because his unofficial actions would not be pursuant to municipal policy. The employee, by contrast, may partially or completely avoid liability by showing that he was acting within the scope of his official duties. If he can show that his actions were pursuant to an official policy, he can at least shift part of his liability to the municipality. If he is successful in asserting a good faith immunity defense, the municipality may be wholly liable because it cannot assert the good faith immunity of its employees as a defense to a section 1983 action.

729 F.2d at 907.

*Dunton* is thus based on a situation where counsel representing two clients clearly adopted a strategy favoring one client at the expense of the other. It is therefore an exception to the general rule that an attorney may represent multiple parties in a civil case provided there is no conflict in their legal positions. *Johnson v. Board of County*

3

*Comm'rs*, 85 F.3d 489 (10th Cir.), *cert. denied*, 519 U.S. 1042 (1996); *Clay v. Doherty*, 608 F. Supp. 295 (N.D. Ill. 1985); A.B.A. Formal Op. 93-372 (1993). Ethical problems arise only when differing interests adversely affect counsel's judgment or dilute her loyalty. *Smith v. City of New York*, 611 F. Supp. 1080 (S.D.N.Y. 1985). Indeed, the large majority of courts faced with the *Dunton* argument have held an attorney has no conflict in representing both the city and its individual officers in a § 1983 action so long as the attorney zealously advocates appropriate defenses for each. *Rodick v. City of Schenectady*, 1 F.3d 1341 (2d Cir. 1993); *Coleman v. Smith*, 814 F.2d 1142 (7th Cir. 1987) (questioning the logic of *Dunton*). This Court held a full hearing with all parties present and found no evidence that the position of the individual Defendants was in conflict with the City or that the interests of each was not being fully and fairly represented.

## O R D E R

For the above stated reasons, Plaintiff's Motion for Order Requiring Defense Counsel to Resolve Potential *Dunton* Conflicts will be DENIED as Moot.

Dated at Albuquerque this 26th day of September, 2002.

                                             _____
                                             **BRUCE D. BLACK**
                                             **United States District Judge**

**For Plaintiff:**

Carolyn M. Nichols, Shannon L. Oliver, Nichols & Oliver, Albuquerque, NM

**For Defendants:**

Stephanie M. Griffin, Assistant City Attorney, City of Albuquerque, Albuquerque, NM